# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**WALTER DUANE WHITE,**

    Plaintiff,

v.                                       **CIVIL ACTION NO. 3:07-CV-23**
                                              **(BAILEY)**

**UNITED STATES OF AMERICA,**
**DEPARTMENT OF JUSTICE,**
**FEDERAL BUREAU OF PRISONS,**
**FEDERAL CORRECTIONAL INSTITUTION GILMER,**
**WARDEN JOYCE FRANCIS,**
**INMATE SYSTEMS MGT DUANE BROWN,**
**FCI GILMER'S MAIL ROOM STAFF,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on October 16, 2007 [Doc. 16]. In that filing, the magistrate judge recommended that this Court dismiss with prejudice the plaintiff's ***Bivens*** Complaint [Doc. 1] under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Seibert's R & R were due October 30, 2007, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  The plaintiff filed his Objections [Doc. 19] to the R & R on October 22, 2007.  Accordingly, this Court will review the report and recommendation *de novo.*

The plaintiff alleges in his Complaint that sometime after August 18, 2006, he received a letter from United States Senator Jay Rockefeller.  The plaintiff alleges the letter was delivered to FCI Gilmer and opened outside his presence.  The plaintiff alleges that by opening the letter outside his presence, the mail room staff knowingly violated Institutional Supplement 5800.10.  As relief, the plaintiff requests $250,000 "in equity" for the violation of his Due Process Rights.  In addition, he requests that this wide spread custom cease and desist.

The plaintiff's Objections to the magistrate judge's R & R [Doc. 19] were timely filed on October 22, 2007.  While these objections do provide a good recitation of the applicable law, it does little more than reiterate the plaintiff's Complaint.  Because the Objections add little substantively to the Complaint, the Court will now look to the R & R.

First, the R & R addressed the ***Bivens*** claims against the USA, DOJ, and FCI Gilmer.  ***Bivens*** cause of action is only available against federal officers in their individual capacities and cannot be brought against a federal agency.  *See* ***FDIC v. Meyer***, 510 U.S. 471, 486 (1994) (refusing to find a ***Bivens*** remedy against a federal agency); *see also*

***Randall v. United States***, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under ***Bivens*** is against federal officials individually, not the federal government."). Therefore, the United States of America, Department of Justice, Federal Bureau of Prisons, and FCI Gilmer cannot be sued by the plaintiff in a ***Bivens*** action.

Next, the R & R addressed the ***Bivens*** claims against Joyce Francis, Warden. Liability in a ***Bivens*** case is "personal, based upon each defendants' own constitutional violations." ***Truloch v. Freeh***, 2755 F.2d 391, 402 (4th Cir. 2001). In order to establish liability in a ***Bivens*** case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. *See **Wright v. Smith***, 21 F.3d 496, 501 (2d Cir. 1994); ***Colburn v. Upper Darby Township***, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. *See **Zatler v. Wainbright***, 802 F.2d 397, 401 (11th Cir. 1986). Respondeat superior cannot form the basis of a claim for violation of a constitutional right in a ***Bivens*** case. ***Rizzo v. Good*** 423 U.S. 362 (1976).

Here, plaintiff does not allege any personal involvement on the part of Defendant Francis. Instead, it appears that plaintiff has named this Defendant only in his official capacities as the Warden. However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. *See **Kentucky v. Graham***, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Thus, remedy under ***Bivens*** is not available against the defendant in his official capacity

Next, the R & R addresses the inmate systems management Duane Brown and FCI Gilmer's mail room staff. The plaintiff alleges that these defendants have violated his right

to due process by mismanagement of his mail.  The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V; ***U.S. v. Salerno***, 481 U.S. 739, 746 (1987). There are no exact standards to determine what behavior is limited by substantive due process. ***Rochin v. California***, 342 U.S. 165, 173 (1952).  However, the theory of substantive due process is "reserved for truly egregious and extraordinary cases." ***Myers v. Scott County***, 868 F.2d 1017, 1918 (8th Cir. 1989).

Federal regulations divide incoming prison mail into two categories: general and special.  General mail is subject to being opened and inspected by prison officials.  In addition, incoming general mail may be read as frequently as deemed necessary to maintain security or monitor a particular problem confronting an inmate.  28 C.F.R. § 540.14 (1997).  Special mail refers to certain written communications from attorneys, courts, congressmen and other public officials.  It enjoys more protection than general mail in that it cannot be read by prison officials and can be opened to check for contraband only in the presence of the prisoner to whom it is addressed.  20 C.F.R. § 540.18. Correspondence qualifies as special mail only "if the sender is adequately identified on the envelope, and the front of the envelope is marked 'Special mail'–Open only in the presence of the inmate." ***Id***.

In 1999, the Bureau of Prisons issued a Program Statement regarding handling of special mail. Although the regulations themselves remained unchanged, the BOP adopted a new procedure in implementing them: mail from the chambers of a Federal judge or from a member of the U.S. Congress should be given special handling even though it does not contain a special mail marking on the envelope.  Program Statement 5265.11, p. 16.

Therefore, it would appear that the mail room staff violated this Program Statement when they opened the plaintiff's letter from Senator John D. Rockefeller outside the plaintiff's presence. However, the plaintiff has not provided any allegation that the opening of the letter from Senator Rockefeller was anything other than an isolated mistake. *See* ***Smith v. Maschner***, 899 F.2d 940, 944 (10th Cir. 1990) (The opening of one piece of an inmate's constitutionally protected mail was an isolated incident and 'without any evidence of improper motive or resulting interference with Smith's right to counsel or to access to the courts [did] not give rise to a constitutional violation") and ***Hanston v. Galetka***, 799 F.Supp. 1129, 1132 (D.Utah 1992) ("in the absence of any 'pattern' of improper behavior by the defendants, a constitutional violation as addressed in ***Maschner*** requires [a showing of] improper motive by the defendants...or access to the courts"). In fact, the plaintiff submitted an attachment which demonstrates that staff handles a letter from Senator Robert D. Byrd according to the directives of the Program Statement.

Furthermore, the opening of the letter outside the plaintiff's presence is not a violation of a fundamental right, nor is it conduct so outrageous that it shocks the conscience. It simply is not the type of truly egregious conduct substantive due process was reserved for. Accordingly, the plaintiff has failed to state a claim against Brown or the mail staff.

Therefore, upon careful review of the R & R, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation **[Doc. 16]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the Court hereby **DISMISSES with prejudice** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** it **STRICKEN** from the active docket of this Court. Additionally, the

plaintiff's motion to amend the Complaint **[Doc. 18]** is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a true copy to the *pro se* petitioner.

**DATED:** April 29, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE